IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | |
|---|---|
| IGNACIO GOMEZ, § § § § § § § § § § Plaintiff, v. NATHANIEL QUARTERMAN, Director, TDCJ-CID, Defendant. | EP-09-CV-72-KC (RPM) |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

This case originally was filed in the 384th Judicial District of El Paso County, Texas, on January 9, 2009 as an application for writ of habeas corpus under **Ex parte Gomez**, No. 960D10271-3. The application for habeas relief, filed by appointed counsel, alleges state prisoner Ignacio Gomez[1] "is illegally restrained in his liberty by Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutional Division ... , in that Applicant is being, or has been, administered antipsychotic medication against his will by force or by threats" and such restraint is in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. (Doc. 1, Attach. 4, pp. 1-2). The

---

[1] Ignacio Gomez is currently incarcerated at the Polunsky Unit. He is awaiting execution following his capital murder conviction for the shooting deaths of 16-year-old twins, Michael and Matthew Meredith, and 18-year-old Toby Hathaway, in retaliation for some broken windows at the home of Gomez' mother. **Gomez v. Quarterman**, 529 F.3d 322, 324-25 (5th Cir.), **cert. denied**, 77 U.S.L.W. 3324, 129 S. Ct. 628 (U.S. Dec. 1, 2008).

relief sought is a "judgment ordering Nathaniel Quarterman and all other agents and employees of the Texas Department of Criminal Justice, Institutional Division immediately to desist from the administration of antipsychotic medication to Ignacio Gomez." (Doc. 1, Attach. 4, p. 3).

On January 22, 2009, the state district judge entered an order directing that Gomez be produced for a hearing on February 11, 2009. On February 6, 2009, counsel for Director Quarterman filed an unopposed motion for continuance because more time was needed to obtain the medical records[2] and investigate the claims. A sixty day continuance was granted, and the hearing was reset for April 8, 2009.

On February 26, 2009, this case was removed from state court to federal court pursuant to 28 U.S.C. § 1441. (Doc. 1). The Notice of Removal states the federal court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 as it appears on the face of the complaint that the cause of action arises under the Constitution and laws of the United States. On March 5, 2009, this case was referred for preparation of a report and recommendation. (Doc. 3).

On March 16, 2009, Director Quarterman filed his original answer. (Doc. 5). In his answer, Director Quarterman denies that Gomez has been forcibly medicated against his will. (Doc. 5, p. 2). Director Quarterman admits "no determination as required by **Washington v. Harper**[3] has been made" because Gomez, who suffers from a psychotic

---

[2] Director Quarterman moved the state court to order the release of Gomez' medical records, but subsequently withdrew the motion. (Doc. 1, p. 2).

[3] In **Washington v. Harper,** 494 U.S. 210 (1990), inmate Harper filed a civil rights action in state court under 42 U.S.C. § 1983 seeking both monetary and injunctive relief for the alleged violation of his constitutional rights arising from the

2

condition that is controlled by medication, has voluntarily accepted his medication on a regular basis for the past few years.

On April 6, 2009, Gomez, through his counsel, filed a Motion to Dismiss and Remand. (Doc. 6). In the motion, Gomez argues there is no jurisdiction for the removal of an application for state habeas corpus relief because it is not a civil action. On April 13, 2009, Quarterman filed a Response in Opposition to the Motion to Dismiss and Remand. (Doc. 7). In the response, Quarterman contends the motion to remand should be denied because this Court has subject matter jurisdiction over the federal question raised by Gomez's claim of violation of his procedural due process rights under the Fourteenth Amendment. Quarterman asserts this matter cannot be maintained as a habeas proceeding in a state district criminal court because there is no criminal case pending against Gomez. Additionally, Quarterman argues the motion to remand is untimely.[4]

The burden of establishing original federal jurisdiction is placed upon the party seeking removal. **Willy v. Coastal Corp.**, 855 F.2d 1160, 1164 (5th Cir. 1988), citing **Wilson v. Republic Iron & Steel Co.**, 257 U.S. 92 (1921). The right to remove a case from state to federal court derives solely from the statutory grant of jurisdiction in 28 U.S.C.

---

failure to hold a judicial hearing before he was subjected to the involuntarily administration of antipsychotic medication. **Id**. at 217. The United States Supreme Court held that the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, following a proper determination that the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest. **Id**. at 227.

[4] A motion to remand on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. 28 U.S.C.A. § 1447(c) (West 2006). However, a remand on the basis of lack of subject matter jurisdiction must be made at any time it appears the district court lacks subject matter jurisdiction. **Id.**

3

§ 1441, which provides in relevant part:

> "(a) ... any *civil action* brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." (Emphasis added).

28 U.S.C.A. § 1441(a) (West 2006).

The habeas corpus proceeding brought by Gomez pursuant to Article 11 of the Texas Code of Criminal Procedure is a criminal, not a civil, proceeding. **Ex parte Tarango**, 116 S.W.3d 201, 202-03 (Tex. App.-- El Paso 2003, no writ). "Any person seeking relief from unlawful restraint[5] may proceed under Article 11 of the Code of Criminal Procedure, making the action a criminal proceeding, regardless of whether the applicant is accused or convicted of a crime." **Gibson v. State**, 921 S.W.2d 747, 753 (Tex. App.-- El Paso 1996, writ denied) (holding attorney was "restrained" for purposes of habeas relief by magnetometer search upon entering courthouse, but such restraint was lawful). The federal removal statute provides for removal of *civil* actions filed in state court. 28 U.S.C.A. § 1441(a) (West 2006). "Except in rare cases involving federal defendants or the likelihood of equal protection problems not applicable here, there is no basis for removal of a state criminal proceeding." **Texas v. Tello**, 142 Fed. Appx. 200, 2005 WL 1539741 at *1, unpub. op. (5th Cir.), **cert. denied**, 546 U.S. 1033 (2005).

Furthermore, Quarterman has cited no case, and this Court is aware of none, that supports the removal on the basis of federal question jurisdiction of an application for

---

[5] "Restraint" is defined as "the kind of control which one person exercises over another, not to confine him within certain limits, but to subject him to the general authority and power of the person claiming such right." TEX. CODE CRIM. PROC. ANN. art. 11.22 (Vernon 2005).

4

habeas corpus relief filed in a Texas state court. Consequently, Director Quarterman has failed to carry his burden to establish original federal jurisdiction. Finally, because removal raises significant federalism concerns, the removal statute is construed strictly and any doubt as to the propriety of removal should be resolved in favor of remand. **Willy v. Coastal Corp.**, 855 F.2d at 1164.

## CONCLUSION

Based on the foregoing, it is RECOMMENDED that this case be REMANDED pursuant to 28 U.S.C. § 1447(c) for lack of federal subject matter jurisdiction.

SIGNED and ENTERED this 1st day of June, 2009.

RICHARD P. MESA
UNITED STATES MAGISTRATE JUDGE

## NOTICE

FAILURE TO FILE WRITTEN OBJECTIONS TO THE FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN TEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT ON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.